Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6278 | **DATE** | 11/18/2010 |
| **CASE TITLE** | Winford Bryant (#B-39313) v. Barack Obama, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to collect monthly payments from Plaintiff's trust fund account in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Pontiac Correctional Center. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state a claim on which relief may be granted. The case is terminated. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff's motion for appointment of counsel [#4] is denied as moot. All pending motions are denied as moot.

■ [For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Mail AO 450 form.

## STATEMENT

　　　Plaintiff, an inmate at the Pontiac Correctional Center, has brought this *pro se* civil rights action pursuant to FOIA, 5 U.S.C. § 552, *et seq.*
　　　Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $5.00. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.
　　　Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint. Plaintiff alleges that he sent a request to the White House on August 23, 2010, seeking information pursuant to FOIA, regarding his alleged pardon by the President. He additionally alleges that the White House failed to respond, and that he filed an appeal on September 12, 2010. He filed suit on September 30, 2010. The Freedom of Information Act ("FOIA") vests federal district courts with jurisdiction to "enjoin an agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). To state a FOIA claim, a plaintiff must also assert that she has exhausted her administrative remedies. *See Scherer v. Balkema*, 840 F.2d 437, 443 (7th Cir.1988).
**(CONTINUED)**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　AWL

## STATEMENT

Plaintiff attaches his request to his complaint. It is dated August 23, 2010. *See* Plaintiff's Complaint, p. 9. Plaintiff also attaches his letter of appeal to his complaint, dated September 12, 2010. *See* Plaintiff's complaint, p. 10. FOIA requires that the agency requested must respond to any request under the Act within 20 days of receipt of the request, excluding weekends and holidays. *See* 5 U.S.C. 552(a)(6)(A)(i). The statute then provides the requestor with 20 days, excluding weekends and holidays, to appeal any denial of his request. *See* 5 U.S.C. 552(a)(6)(A)(ii).

According to the date calculator required by the statute, Plaintiff filed his appeal 13 days after the request was sent, and filed suit 14 days after he filed his appeal (excluding weekends and Labor Day). Under this schedule, it is apparent to the Court that Plaintiff could not have exhausted his administrative remedies, according to the requirements of the Act, prior to filing suit.

More importantly, and more fatal to Plaintiff's claims, is the fact that President Obama has not issued any pardons since he took office in January of 2009. *See The Los Angeles Times,* "A No-Pardon President."(October 30, 2010), *and see The Washington Post*, "Pardon People, too, Mr. President" (November 12, 2010). *see Global Relief Found. v. New York Times Co.,* (Case No. 01 C 8821) 2002 U.S. Dist. LEXIS 17081 *13 (N.D. Ill, September 11, 2002) (Coar, J.), 30 Media L. Rep. 2485, (A court may take judicial notice of an adjudicative fact that is both not subject to reasonable dispute and either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).) As President Obama has issued no pardons since he took office, it becomes clear that Plaintiff's complaint is frivolous.

Plaintiff's allegations are factually and legally frivolous as the standard is defined and discussed in *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). *See also Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007) ("A claim is factually frivolous if its allegations are bizarre, irrational, or incredible."). Thus, with respect to these claims Plaintiff has failed to state a claim upon which relief can granted. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (the court should "draw on its judicial experience and common sense" when determining if a complaint states a plausible claim for relief). For the foregoing reasons, this suit is dismissed for failure to state a claim on which relief may be granted. Plaintiff's motion for appointment of counsel and motion for "rocket docket" are denied as moot.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $450 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."